IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DUSTIN PAUL McFALL,** | § | |
| | § | |
| **V.** | § | **A-14-CA-357-LY** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court

pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United

States District Court for the Western District of Texas, Local Rules for the Assignment of Duties

to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C.

§ 2254 (Document 1); Respondent's Answer (Document 9); and Petitioner's Response

(Document 13). Petitioner, proceeding pro se, has paid the filing fee for this case.  For the reasons

set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should

be dismissed.

## I.  STATEMENT OF THE CASE

A.      **Petitioner's Criminal History**

According to Respondent, the Director has custody of him pursuant to a judgment and

sentence of the 22nd Judicial District Court of Hays County, Texas.  Petitioner was charged by

indictment with two counts of sexual assault of a child.  Petitioner pleaded guilty to both counts

pursuant to a plea bargain agreement, and on April 28, 2011, was sentenced to ten years deferred

adjudication community supervision. Because it was a plea bargain case, Petitioner had no right to

appeal from the deferred-adjudication orders.

Subsequently, the State filed motions to revoke Petitioner's deferred adjudication community

supervision, alleging four violations of his probation which included a new offense of failing to

comply with the sex offender registration requirements. Petitioner entered an open plea of guilty

to the new offense and pleas of true to the motions to adjudicate. On May 22, 2012, the trial court

found Petitioner violated the terms of his community supervision and sentenced him to twenty years

imprisonment for each count of sexual assault of a child and five years imprisonment for the new

offense of failure to comply with the sex offender registration requirements. The trial court ordered

these sentences to run consecutively. Petitioner did not file a direct appeal.

Petitioner did, however, challenge his convictions in a state application for habeas corpus

relief. Petitioner executed the application on May 15, 2013, and the application was file-marked on

May 21, 2013. The Texas Court of Criminal Appeals denied the application without written order

on the findings of the trial court without a hearing on April 2, 2014. Ex parte McFall, Appl.

No. 79,808-01.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      He was denied due process because his original guilty plea was not made knowingly
        and voluntarily;

2.      He was denied due process because his conviction is based on his mistaken belief
        that the victim was an adult;

3.      He was denied due process because his sentences were cumulated;

4.      He was denied due process because a fact of critical evidence was withheld from him;

5.      He received ineffective assistance of trial counsel because counsel:

   a.      failed to object to the trial court's statement that he belonged in prison for life;

   b.      failed to explain that he would not receive an automatic life sentence if he proceeded to trial;

   c.      failed to advise him that he could rely on his mistaken belief regarding the victim's age as a defense;

   d.      failed to object to the cumulation order;

   e.      failed to object and move to withdraw his guilty plea;

   f.      failed to file a notice of appeal from his probation order; and

   g.      failed to file a notice of appeal from his adjudication of guilt.

## C.      Exhaustion of State Court Remedies

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in Petitioner's application. Respondent does, however, argue Petitioner's application is time-barred to the extent he challenges his deferred-adjudication orders.

## II.   DISCUSSION AND ANALYSIS

## A.      Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's deferred-adjudication orders became final, at the latest, on or about May 31, 2011,[1] at the conclusion of which he could have appealed . See TEX. R. APP. P. 26.2(a); United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred-adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if appealed, when appeal is affirmed and no further review is possible); Tharpe v. Thaler, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments).  Therefore, Petitioner had until May 31, 2012, to timely file a federal application for habeas corpus relief, challenging his deferred-adjudication orders.  Petitioner did not execute his federal application for habeas corpus relief until April 10, 2014, nearly two years after the limitations period had expired. Petitioner incorrectly argues he could not have filed a federal application until after his community supervision was revoked and his conviction became final.

---

[1] May 28, 2011, was a Saturday, and May 30, 2011, was a holiday (Memorial Day).

Petitioner's state application for habeas corpus relief did not toll the limitations period, because it was filed after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Similarly, Petitioner's complaint regarding the theft of his legal documents also does not toll the limitations period. The theft allegedly occurred on January 26, 2013, after the limitations period had already expired.

Petitioner further asserts he is entitled to equitable tolling because the prison allegedly removed books from the prison law library, denying him meaningful access to the courts. He also mentions without details that prison administrators would not provide him writ forms in a timely manner. The statute of limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no

exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling).

Petitioner also appears to claim he is entitled to equitable tolling from the date the Texas Court of Criminal Appeals denied his state application until he received notice of the denial, a total

of six days.  There is nothing remarkable about a six-day delay, and the alleged delay is not sufficiently "rare and exceptional" such that equitable tolling is justified.  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000) (holding that a four-month delay is exceptional); see also Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (concluding that a delay of "several months" is exceptional).  Moreover, Petitioner's application is time-barred by nearly two years.  Even if the limitations period was tolled six days, it would not render timely Petitioner's federal application.

To the extent Petitioner may be attempting to argue he is also entitled to statutory tolling his argument fails.  Petitioner has not demonstrated he is entitled to statutory tolling due to a state created impediment.

With respect to the deferred-adjudication orders, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period.  Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Accordingly the following claims related to Petitioner's deferred-adjudication orders are time-barred:  grounds 1, 2, 4, 5(a), 5(b), 5(c), and 5(f).

**B.     The Antiterrorism and Effective Death Penalty Act of 1996**

With regard to the remaining claims, the Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  See Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 783-85 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id.  Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted).  The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).  When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id.  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As <u>Harrington</u> noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. <u>Id.</u> at 785 (citing 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision."  <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

<u>Id.</u> at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  <u>Id.</u> at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. <u>See</u> 28 U.S.C. § 2254(e)(1).  But absent such a showing, the federal court must give deference to the state court's fact findings. <u>Id.</u>

1.      Cumulative Sentences

Petitioner contends he was denied due process because his sentences were cumulated.  Under

state law, it is within the discretion of the trial judge to cumulate sentences for two or more

convictions.  See TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2010).  Petitioner's claim fails

because it concerns state criminal procedure and "does not involve such a denial of fundamental

fairness as to fall within the purview of federal habeas corpus."  Ables v. Scott, 73 F.3d 591, 592

n.2 (5th Cir. 1996) (quoting Johnson v. Beto, 383 F.2d 197 (5th Cir. 1967)).  Petitioner challenged

the cumulation of his sentences in his state application for habeas corpus relief which was denied

by the Texas Court of Criminal Appeals.  It is beyond the scope of federal habeas review to review

the correctness of the state court's interpretation of state law.  Young v. Dretke, 356 F.3d 616, 628

(5th Cir. 2004).  "In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502

U.S. 62, 67-68 (1991).

2.      Ineffective Assistance of Counsel

Petitioner alleges counsel was ineffective because she failed to object to the cumulation

order, failed to object and move to withdraw his guilty plea after learning the victim never intended

to testify, and failed to file a notice of appeal from his adjudication of guilt.  Respondent argues

Petitioner failed to meet his burden to prove that his counsel was deficient and that he was

prejudiced.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth

in Strickland v. Washington, 466 U.S. 668  (1984):

> First, the defendant must show that counsel's performance was deficient.  This
> requires  showing  that  counsel  made  errors  so  serious  that  counsel  was  not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687.

Plaintiff's claim that counsel should have objected to the cumulation order is wholly conclusory. Petitioner fails to explain what valid objection counsel could have made to the cumulation order and offers no legal support for his claim. Similarly, Petitioner offers no legal support for his claim that counsel should have moved to withdraw his guilty plea. The Fifth Circuit

has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.  Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).  With respect to his claim that counsel failed to file a notice of appeal from his adjudication of guilt, the state court specifically found that Petitioner did not express a desire to appeal.  Ex parte McFall, No. 79,808-01 at 11.  Id.  The trial court relied on the affidavit of trial counsel, who the court found credible, and on the appellate record.  Id.  According to trial counsel, Petitioner stated "he did not want an appeal, but just wanted to do his time."  Id. at 11-12, 16.  Petitioner has failed to rebut this finding by any evidence, let alone clear and convincing evidence.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.  Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.[2]

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus with respect to grounds 1, 2, 4, 5(a), 5(b), 5(c), and 5(f) be dismissed with prejudice as time-barred and Petitioner's application for writ of habeas corpus with respect to his remaining grounds be denied.

---

[2]Respondent also contends Petitioner's claim is Teague barred, because Petitioner has failed to produce Supreme Court authority establishing he was entitled to effective assistance of counsel at his probation revocation.  Respondent relies on Gagnon v. Scarpelli, 411 U.S. 778 (1973) for the proposition that there is no difference between parole and probation revocations for purposes of due process analysis.  As the Court has determined Petitioner is not entitled to habeas corpus relief with regard to his ineffective assistance of counsel claim, the Court need not reach this claim.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."   28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of October, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE